```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

LEWIS Y. FABER,                                    Chapter 7

                                                   Case No. 07-11652 (BRL)
                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GREGORY MESSER, ESQ., as Trustee of the
Estate of LEWIS Y. FABER,                          Adv. Proc. No. 09-1312 (BRL)

                    Plaintiff,

        -against-

DAVID SCHLESINGER, John Does 1-50,                 ANSWER, AFFIRMATIVE DEFENSES
Mary Does 1-50, ABC Partnerships 1-50 and          AND THIRD PARTY COMPLAINT
XYZ Corporations 1-50,

                    Defendants.
---------------------------------------------------------x

DAVID SCHLESINGER,

                    Third Party Plaintiff,

        -against-

FRED HOSCHANDER, MARC HOSCHANDER
and MARK WEISS,
                    Third Party Defendants.
---------------------------------------------------------x
```

## ANSWER TO TRUSTEE'S COMPLAINT

Defendant, DAVID SCHLESINGER, by his attorney, David M Taus, LLC, as and for his

Answer to the Trustee's Complaint, alleges as follows:

## NATURE OF THE ADVERSARY PROCEEDING

1.  Defendant admits the allegations set forth in paragraph 1 of the Complaint.

1

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

## JURIDSICTION AND VENUE

3 Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in paragraph 6 of the Complaint.

## THE PARTIES

7. Defendant admits the allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint, except denies any involvement in any "Ponzi" scheme.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in paragraph 10 of the Complaint.

## BACKGROUND

11. Defendant admits the allegations set forth in paragraph 11 of the Complaint.

12. Defendant admits the allegations set forth in paragraph 12 of the Complaint.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

15. Defendant admits the allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Complaint.

18. Defendant admits the allegations set forth in paragraph 18 of the Complaint.

19. Defendant admits the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26 of the Complaint.

27. Defendant admits the allegations set forth in paragraph 27 of the Complaint as they relate to him, but denies knowledge or information sufficient to form a belief as to the allegations as they relate to others.

28. Defendant admits the allegations set forth in paragraph 28 of the Complaint as they relate to him, but denies knowledge or information sufficient to form a belief as to the allegations as they relate to others.

29. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint as they relate to him, and denies knowledge or information sufficient to form a belief as to the allegations as they relate to others.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint as they relate to him, and denies knowledge or information sufficient to form a belief as to the allegations as they relate to others.

35. Defendant admits the allegations set forth in paragraph 35 of the Complaint.

36. Defendant admits the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations and categorizations set forth in paragraph 37 of the Complaint, but admits he made several loans to the Defendant over the years for which he was repaid, in part.

38. Defendant denies the allegations and categorizations set forth in paragraph 38 of the Complaint, but admits he performed those services which Debtor instructed him to perform.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

**A. The One Year Transfers**

40. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 40 of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 41 of the Complaint. However, any monies received by Defendant from Debtor were to repay loans made by Defendant.

42. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. As to this party, Defendant admits the allegations set forth in paragraph 46 of the Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 47 of the Complaint.

**B. The Earlier Transfers**

48. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 48 of the Complaint.

49. Without seeing the specific checks noted, Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 49 of the Complaint. Some checks may have been paid to Defendant as repayment of loans, others may have been interest payments to Third Party Defendant.

50. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 50 of the Complaint.

51. Defendant denies knowledge or information sufficient to form a belief as to the

allegations set forth in paragraph 51 of the Complaint.

52. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in paragraph 54 of the Complaint.

55. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 55 of the Complaint.

56. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 56 of the Complaint.

57. Defendant admits the allegations set forth in paragraph 57 of the Complaint.

58. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 58 of the Complaint.

**FIRST CLAIM FOR RELIEF**

59. Defendant repeats his prior answers as though set forth fully herein.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint.

**SECOND CLAIM FOR RELIEF**

65. Defendant repeats his prior answers as though set forth fully herein.

66. Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in paragraph 70 of the Complaint.

### THIRD CLAIM FOR RELIEF

71. Defendant repeats his prior answers as though set forth at length herein.

72. Defendant denies the allegations set forth in paragraph 72 of the Complaint.

73. Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74. Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in paragraph 75 of the Complaint.

### FOURTH CLAIM FOR RELIEF

76. Defendant repeats his prior answers as though set forth at length herein.

77. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78. Defendant denies the allegations set forth in paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in paragraph 79 of the Complaint.

80. Defendant denies the allegations set forth in paragraph 80 of the Complaint.

### FIFTH CLAIM FOR RELIEF

81. Defendant repeats his prior answers as though set forth at length herein.

82. Defendant denies the allegations set forth in paragraph 82 of the Complaint.

83. Defendant denies the allegations set forth in paragraph 83 of the Complaint.

84. Defendant denies the allegations set forth in paragraph 84 of the Complaint.

### SIXTH CLAIM FOR RELIEF

85. Defendant repeats his prior answers as though set forth at length herein.

86. Defendant denies the allegations set forth in paragraph 86 of the Complaint.

87. Defendant denies the allegations set forth in paragraph 87 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

88. Defendant repeats his prior answers as though set forth at length herein.

89. Defendant denies the allegations set forth in paragraph 89 of the Complaint.

90. Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91. Defendant denies the allegations set forth in paragraph 91 of the Complaint.

92. Defendant denies the allegations set forth in paragraph 92 of the Complaint.

93. Defendant denies the allegations set forth in paragraph 93 of the Complaint.

94. Defendant denies the allegations set forth in paragraph 94 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

95. Defendant repeats his prior answers as though set forth at length herein.

96. Defendant admits the allegations set forth in paragraph 96 of the Complaint.

97. Defendant denies the allegations set forth in paragraph 97 of the Complaint.

98. Defendant denies the allegations set forth in paragraph 98 of the Complaint.

99. Defendant denies the allegations set forth in paragraph 99 of the Complaint.

100. Defendant denies the allegations set forth in paragraph 100 of the Complaint.

101. Defendant denies the allegations set forth in paragraph 101 of the Complaint.

## NINTH CLAIM FOR RELIEF

102. Defendant repeats his prior answers as though set forth at length herein.

103. Defendant denies the allegations set forth in paragraph 103 of the Complaint.

104. Defendant denies the allegations set forth in paragraph 104 of the Complaint.

105. Defendant denies the allegations set forth in paragraph 105 of the Complaint.

106.  Defendant denies the allegations set forth in paragraph 106 of the Complaint.

## TENTH CLAIM FOR RELIEF

107.  Defendant repeats his prior answers as though set forth fully herein.

108.  Defendant denies the allegations set forth in paragraph 108 of the Complaint.

109.  Defendant denies the allegations set forth in paragraph 109 of the Complaint.

110.  Defendant denies the allegations set forth in paragraph 110 of the Complaint.

111.  Defendant denies the allegations set forth in paragraph 111 of the Complaint.

112.  Defendant denies the allegations set forth in paragraph 112 of the Complaint.

113.  Defendant denies the allegations set forth in paragraph 113 of the Complaint.

114.  Defendant denies the allegations set forth in paragraph 114 of the Complaint.

115.  Defendant denies the allegations set forth in paragraph 115 of the Complaint.

116.  Defendant denies the allegations set forth in paragraph 116 of the Complaint.

## AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a cause of action upon which relief can be granted.

2.  Defendant is not an insider within the meaning of 11 U.S.C. section 101 (31).

3.  Any funds received by Defendant were in the form of repayment of loans or investments Defendant made.

4.  Debtor received reasonably equivalent value in exchange for any transfers made.

5.  The transactions complained of did not constitute fraudulent conveyances in accordance with New York or any other applicable law.

6.  Defendant was not unjustly enriched, as he received from Debtor only repayment of loans or investments, plus interest.

7.  No transfer complained of was on account of an antecedent debt.

8. No transfer complained of permitted Defendant to receive more than he would have otherwise received in a Chapter 7 case.

**WHEREFORE**, defendant respectfully requests that the Complaint be dismissed, and for such other relief as this Court deems equitable and just.

## THIRD PARTY COMPLAINT

Third Party Plaintiff, David Schlesinger, by his attorney, David M Taus, LLC, as and for his Third Party Complaint against Fred Hoschander, Marc Hoschander and Mark Weiss, alleges as follows:

### NATURE OF THE THIRD PARTY COMPLAINT

1. Plaintiff, Gregory Messer, Esq., as Chapter 7 Trustee of the Estate of Lewis Y. Faber (the "Trustee" or "Plaintiff"') commenced an action against Defendant/Third Party Plaintiff, David Schlesinger ("Third Party Plaintiff") to set aside and recover certain alleged transfers of property made by the Debtor to Third Party Plaintiff and additional defendants. Plaintiff further seeks to disallow any claims filed by Third Party Plaintiff and additional defendants.

2. By virtue of the within Third Party Complaint, Third Party Plaintiff seeks indemnification and contribution from the parties who actually received the funds from the Debtor that are the subject of Plaintiff's complaint.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. §§157(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

## THE PARTIES AND CLAIM FOR RELIEF

6. Third Party Defendant Fred Hoschander is an individual residing at 84-01 Kent Street, Jamaica, New York.

7. Third Party Defendant Marc Hoschander is an individual residing at 147-15 68th Drive, Flushing, New York, and is the son of Third Party Defendant, Fred Hoschander.

8. Third Party Defendant Mark Weiss is an individual residing at 52 Willow Wood Lane, Staten Island, New York.

9. Commencing in or about October, 1999, Third Party Plaintiff was employed as a bookkeeper/office manager by Yale Factors, Inc., an entity owned by the Debtor, Lewis Faber. Third Party Plaintiff worked directly under Mr. Faber and took directions from him on a daily basis.

10. During Third Party Plaintiff's tenure with Yale Factors, Inc., Mr. Faber and Yale Factors, Inc. sought loans or investments from various investors, including Fred Hoschander and Mark Weiss.

11. Upon information and belief, during the aforementioned time period, Fred Hoschander and Mark Weiss lent money to Mr. Faber and/or Yale Factors, Inc. in exchange for promises to be repaid their loan principal plus interest.

12. Subsequent to receipt of a loan, Mr. Faber would make periodic interest payments to Fred Hoschander and Mark Weiss by issuing a check payable to Third Party Plaintiff and instructing him to cash the check and turn the cash over to Messrs. Hoschander and Weiss. Third Party Plaintiff would blindly comply with these instructions by turning over the interest payments to Mr. Weiss and to Fred Hoschander. Funds turned over to Fred Hoschander would

11

be accomplished by handing same to Third Party Defendant, Marc Hoschander.

13. Paragraph 49 of the Trustee's Complaint reflects numerous checks payable to Third Party Plaintiff. With the exception of the several checks equaling or exceeding $50,000.00, all checks listed in this paragraph were interest payments to Messrs. Hoschander and Weiss that were cashed by Third Party Plaintiff and turned over to them.

14. By virtue of his Complaint, the Trustee seeks to recover these "transfers" from Third Party Plaintiff. However, Third Party Plaintiff was only a conduit for these funds and merely acted in his capacity as an employee following the instructions of his superior. He did not "receive" these funds, but only delivered them to Messrs. Hoschander and Weiss, as instructed. To the extent the Trustee seeks recovery of these funds from Third Party Plaintiff, indemnification is sought from the Third Party Defendants on the funds they received.

WHEREFORE, Third Party Plaintiff demands judgment against Third Party Defendants for any sums Plaintiff recovers from Third Party Plaintiff attributable to payments received by Third Party Defendants, and for such other and further relief as the Court deems just and proper.

Dated: Livingston, New Jersey
      August 6, 2009

      David M Taus, LLC
      Attorneys for Defendant

      By: /s/ David M. Taus
          David M. Taus
          631 West Mt. Pleasant Ave
          Livingston, NJ 07039
          (973) 758-9026